## ANGLIN v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 27, October Term, 1952.]

*Decided March 13, 1953.*

Before SOBELOFF, C. J., and DELAPLAINE, COLLINS. HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus*. Petitioner was convicted of larceny, housebreaking and receiving stolen goods in 1949, and given an indeterminate sentence of 4 years. He was paroled in 1950, and in 1951 he was convicted on another charge of larceny and given a further indeterminate sentence of 3 years. He alleges that he is now serving the second sentence. He complains that the court failed to appoint counsel for him, and that the docket entry stating that he did not want an attorney is erroneous.

Alleged errors in docket entries could be corrected on direct appeal, but not on *habeas corpus*. Even if we should accept the truth of his allegation, he has still failed to show grounds for relief. He admits that he had funds to obtain counsel, but states that certain counsel, whom he tried to employ, declined to represent him. There is no allegation that he asked the court to appoint counsel or to postpone the case; his position seems to be that he had a constitutional right to counsel, regardless of the circumstances. This is not true. The burden is upon a petitioner to show that "for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement." *Quicksall v. Michigan*, 339 U. S. 660, cited in *Banks v. Warden, Md. House of Correction*, 201 Md. 644, 92 A. 2d 458, and *Selby v. Warden, Md. House of Correction*, 201 Md. 653, 92 A. 2d 756. Petitioner states that he is 22 years old, a high school graduate, employed in the House of Correction as a bookkeeper. He took the stand and apparently admitted his guilt. He states that he had been under "mental observation, under United States Court order, when I escaped and committed larceny in Montgomery County", and that "I was convicted on my own testimony". These statements fall short of a showing that he was mentally incompetent, nor do they indicate that the trial was unfair; on the contrary they seem to justify the conviction.

*Application denied, with costs.*